ALEXANDER BALOG ET AL. v. F. M. MITCHELL MOTOR COMPANY.

Decided October 7 1925.

**Negligence—Motor Vehicle Injury to Infant Playing in Street— Driver Saw Child So Engaged and Unattended—Child Suddenly Ran in Front of Car—Jury Question Whether Under Circumstances Due Care Was Used.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Frederick W. Nixon* and *Augustus C. Studer, Jr.*

*Contra, David T. Wilentz.*

PER CURIAM.

This suit was brought by Alexander Balog and his father to recover damages for injuries received by the child for being run over by the defendant's automobile, and compen-

sation to the father arising out of the loss resulting from such injuries. The trial resulted in verdicts for the plaintiffs, the jury awarding the child $15,000 as compensation for his injuries.

The first ground urged for making the rule absolute is that the jury were not justified in their finding that the accident was the result of the negligence of the driver of the defendant's car. According to the story told by the latter, he saw this little child, about two years of age, playing in the gutter as he approached this spot where the accident happened; that he was driving along the street, about the middle thereof, when the child undertook to run across in front of his car; that he was not able to stop it in time to prevent the accident. No one was looking after the child at the time of the occurrence.

It seems to us that, on the basis of the driver's own story, the jury were justified in finding that the accident was the result of his carelessness. Having observed the child playing in the gutter, with no one in charge of it, he could not foretell what the child would or would not do, and it was certainly a question for the jury to say whether or not it was his business, in the exercise of reasonable care, to have his car under such control that he could stop it almost immediately if the child should suddenly undertake to run across in front of the car as it was proceedings along the street.

It is further argued, as a reason for making the rule absolute, that the verdict was excessive. The proofs show that the left leg of the child was so severely injured that an amputation between the knee and the ankle was necessary. In the case of *Feury v. Reid Ice Cream Co.*, 2 *N. J. Mis. R.* 1008, the jury awarded $25,000 to a child about four and a half years old, whose injuries were similar to those existing in the case of the present infant plaintiff, and whose leg had been amputated, as a result of those injuries. This court considered the award in that case excessive and reduced it to $15,000, considering the latter sum to be fair compensation for the injuries to the child. We are content to follow the view of this court in the cited case, and conclude that the

verdict should not be set aside for the reason now being considered.

Other grounds of reversal are directed to the charge of the jury. Our consideration of the charge, as a whole, leads us to the conclusion there was no harmful error in any of the portions thereof, which are made the ground of attack on behalf of the defendant.

Lastly, it is contended that the court erred in denying a motion made by the attorney of the defendant for a mistrial on the ground that the plaintiffs' attorney, in summing up to the jury, stated the amount for which suit had been brought. This contention is, in the face of our decision in *Rhodehouse* v. *Director General*, 95 *N. J. L.* 355, where it was held that it is neither error nor ground for a new trial for plaintiffs' counsel to state to the jury the amount of damages sought to be recovered.

The rule to show cause will be discharged.